IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIREMAN'S FUND INSURANCE COMPANY
and ZURICH INSURANCE COMPANY, LTD
(as Subrogees to BOART LONGYEAR, Inc.)**,

    Plaintiffs,

v.                                                                    **No. 10cv0401 MV/LFG**

**THYSSEN MINING CONSTRUCTION OF
CANADA, LTD., MUDJATIK THYSSEN MINING
JOINT VENTURE, COMINICO ENGINEERING
SERVICES, LTD and DOES 1- 10 INCLUSIVE**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on *Defendants Thyssen Mining Construction of Canada, Ltd.'s and Mudjatik Thyssen Mining Joint Venture's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue*, filed April 23, 2010 (Doc. 1, Ex. G)[1]. Because it is clear that New Mexico is an inconvenient forum and there is already pending in Canada a lawsuit between the Plaintiffs (or their subrogor) and the Defendants involving the same claims; because there is no personal jurisdiction over Mudjatik Thyssen Mining Joint Venture ("MTM"); and because Cominico Engineering has already been dismissed from this case[2]; I will dismiss MTM as a Defendant and will also dismiss the Complaint.

---

[1] Instead of timely responding to the motion in 2010, the Plaintiffs untimely filed a motion to strike, which they later withdrew. *See* Doc. 35. The parties apparently agreed that the Plaintiffs could file an untimely response, which the Magistrate Judge noted in an Amended Order regarding deadlines. *See* Doc. 38 at 2. After the parties agreed that the Plaintiffs could file an amended response, the Defendants filed a reply and an amended notice that briefing was complete on May 4, 2011. *See* Doc. 51.

[2] The Plaintiffs voluntarily dismissed Cominico Engineering Services after Cominico filed a motion to dismiss also based on the lack of personal jurisdiction and improper venue. *See* Docs. 22, 27.

> The jurisdictional and forum facts are undisputed.
>
> In November of 2004, Boart Longyear, Inc. entered into a contract with Cameco Corporation to provide drilling equipment and skilled labor for uranium ore extraction at the Cigar Lake Mine, located north of Saskatoon, in Northern Saskatchewan, Canada . . . . Defendant Mudjatik Thyssen Mining Joint Venture ("MTM") is a joint venture created to undertake mining contracting work in Northern Saskatchewan. Thyssen Mining Construction of Canada Ltd., ("Thyssen") is the sponsor and managing partner of the MTM Joint Venture.  MTM's other partner is Mudjatik Enterprises, Inc., a business corporation formed pursuant to the laws of Saskatchewan.  Defendant MTM contracted with Cameco Corporation to excavate the underground tunnels at the Cigar Lake Mine by drilling and blasting.
>
> On October 22, 2006, while MTM was engaged in excavating a tunnel in the Cigar Lake Mine, a portion of the tunnel collapsed and was flooded. At that time, Boart Longyear had its drilling equipment in the Mine. . . . [and its] mining equipment was damaged or destroyed. . . . Plaintiffs have been insurance companies which had issued policies of insurance to Boart Longyear. . . . Boart Longyear filed claims pursuant to its insurance policies and received payment from the Plaintiffs in the total approximate amount of $3,766,000.00.  The Plaintiff insurers are subrogated to the rights of Boart Longyear.

Doc. 28 at 1-2; *see* Doc. 1, Ex. G at 1-2.

Both Plaintiffs are foreign corporations with principal places "of business in a State other than New Mexico." Second Am. Compl. at ¶¶ 1, 2 (Doc. 1, Ex. D at 1).  Boart Longyear is a Canadian business.  Defendant Thyssen is a Canadian business "registered in New Mexico as a foreign profit corporation for the purpose of performing underground mining," and which has done business in Questa, New Mexico, and which has a registered New Mexico agent to receive service of process. Doc. 28 at 2; Doc. 1 at 4 n.2.  It is undisputed, however, that Thyssen's mining activities in New Mexico do not form any basis for the negligence claims asserted against it as MTM's managing partner in the suit at bar.  Neither MTM nor Mudjatik Enterprises have had contacts of any kind in New Mexico.

In 2009, Boart Longyear filed a complaint for damages in Saskatchewan, Canada, against the Defendants regarding the same negligence claims that are brought in this case, but that case has

not yet been resolved. *See* Doc. 50 at 1; Doc. 45, Att. 1. The Plaintiffs, as Boart Longyear's subrogees, filed their original Complaint for negligence in state court in Taos County on December 21, 2010 and subsequently filed two amended complaints. Defendants Thyssen and MTM filed their motion to dismiss on April 22, 2010, and MTM removed the case to federal court on April 23, 2010, based upon diversity jurisdiction.[3]

## I. The New Mexico courts have general personal jurisdiction over Thyssen but not over MTM.

"Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum." *Benally on Behalf of Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988). Citing *Benally, Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1197-99 (8th Cir. 1990), and *General Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir. 1991), Plaintiffs contend that the New Mexico courts have general personal jurisdiction[4] over Thyssen. They contend that any further constitutional due-process analysis or analysis under New Mexico's "long-arm" statute, which applies only to nonresident corporations that are served outside of the state, is irrelevant because Thyssen

---

[3] The Plaintiffs timely moved for remand, *see* Doc. 4, but later withdrew their motion, *see* Doc. 36, thereby waiving any procedural right to remand. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("A procedural defect, however, does not involve the subject matter jurisdiction of the court and may be waived."); *cf. Washburn v. Santa Fe Tow* , No. 05-2074, 164 Fed. App'x 740, 742, 2006 WL 165018, *2 (10th Cir. Jan. 24, 2006) (affirming denial of remand because "plaintiffs waived any alleged procedural defects by not timely filing a motion for remand").

[4] "[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). "When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." *Id.* at 415 n.9.

3

"consented" to suit in New Mexico through its "presence" in the state as a registered corporation, because it was actually doing business in Questa, New Mexico, and because Plaintiffs served Thyssen through its registered agent within the state under N.M.S.A. § 38-1-6(A)[5].

"[I]n diversity cases state law determines whether a corporation is subject to process in the state and federal decisions determine only if the state law is constitutional." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1036 (10th Cir. 1975). New Mexico case law appears to allow general personal jurisdiction over foreign corporations that are registered to do business within the state, that actually do business within the state, and that are served through their agent for service of process within the state even when the tortious act complained of does not arise from, and has nothing to do with, that corporation's activities within New Mexico. *See Werner v. Wal-Mart Stores, Inc.*, 116 N.M. 229, 232, 861 P.2d 270, 273 (N.M. Ct. App. 1993). In *Werner*, the New Mexico Court of Appeals first noted that N.M.S.A. § 53-17-15(A) "provides for the withdrawal from New Mexico of foreign corporations authorized to transact business here" by requiring, in subsection (4) of the statute, an application for withdrawal to set forth "that the corporation revokes the authority of its registered agent in this state to accept service of process and consents that service of process in any action, suit or proceeding based upon any cause of action arising in this state during the time the corporation was authorized to transact business in this state may thereafter be made on the corporation by service thereof on the secretary of state." 116 N.M. at 232, 861 P.2d at 273. It interpreted § 53-17-15(A)(4) as a limit on "the validity of this type of service of process

---

[5] N.M.S.A. § 38-1-6(A) provides: "In all personal actions brought in any court of this state against any foreign corporation, process may be served upon any officer, director or statutory agent of the corporation, either personally or by leaving a copy of the process at his residence or by leaving a copy at the office or usual place of business of the foreign corporation."

to causes arising in the state." *Id.* Because "[t]here are no such words of limitation" in N.M.S.A. § 53-17-11[6] the Court held that § 53-17-11 is a "jurisdictional consent statute applying to registered foreign corporations" that applies to confer personal jurisdiction over a foreign corporation as "to any claims against a foreign corporation with a registered agent in New Mexico" notwithstanding whether the claims arose from the corporation's activities in New Mexico. *Id.* It also noted that the Defendant Wal-Mart "recognizes that it has a sufficient presence in New Mexico to satisfy due process concerns." *Id.* at 233, 861 P.2d at 274.

Such an analysis and holding appears to comport with cases from the United States Supreme Court. In *Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952), for example, the plaintiff was "a non-resident of Ohio." *Id.* at 438. Although the corporation was not registered to do business in Ohio, *see id.* at 439 n.2, the "corporation has been carrying on in Ohio a continuous and systematic, but limited, part of its general business." *Id.* at 438. But the "cause of action sued upon did not arise in Ohio and does not relate to the corporation's activities there." *Id.* at 444. In these circumstances, the Supreme Court stated that, "if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative." *Id.* at 444-45. In so holding, the Court stated that the question whether the

---

[6] N.M.S.A. § 53-17-11 ("Service of process on foreign corporation") provides:

The registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served. Nothing in this section limits or affects the right to serve any process, notice or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

5

minimum-contact activities of the corporation were sufficient to satisfy the "general fairness to the corporation" standards set forth in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), "are to be determined in each case." *Id.* at 445. "The corporate activities of a foreign corporation which, under state statute, make it necessary for it to secure a license and to designate a statutory agent upon whom process may be served provide a helpful but not a conclusive test." *Id.* But if such a registered corporation "carries on, in that state, other continuous and systematic corporate activities, . . . those activities are enough to make it fair and reasonable to subject that corporation to proceedings in personam in that state, at least insofar as the proceedings in personam seek to enforce causes of action relating to those very activities or to other activities of the corporation within the state." *Id.* at 445-46. Noting that "[t]he instant case takes us one step further to a proceeding in personam to enforce a cause of action not arising out of the corporation's activities in the state of the forum," the Court then extended the specific-jurisdiction doctrine to general jurisdiction. "Using the tests mentioned above we find no requirement of federal due process that either prohibits Ohio from opening its courts to the cause of action here presented or compels Ohio to do so." *Id.* at 446.

In a Tenth Circuit opinion issued twenty years before *Werner*, the Court held that New Mexico *did not* have general jurisdiction over a foreign corporation registered to do business in New Mexico and served in the state under N.M.S.A. § 21-3-6 (1970), which was the predecessor to N.M.S.A. § 38-1-6(A), regarding an accident caused by an employee of a subsidiary of the corporation (and the subsidiary was doing business in another country) because the cause of action did not arise from the corporation's New Mexico activities. *See Budde*, 511 F.2d at 103 . The Court noted that neither former N.M.S.A. § 51-30-10 (Supp.1973) (which is now codified as § 53-17-11) nor former N.M.S.A. § 21-3-6, which both "deal[] with service of process on foreign corporations" mention out-of-state causes of action or "specifically provide that foreign corporations are made

6

subject to process for causes of action not resulting from the corporations' activities in New Mexico; [and] we have not located a New Mexico decision providing a direct answer to the question." *Id.* at 1036 & n.4. The Tenth Circuit noted that,

> [s]ince *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952), it has been clear that federal due process does not prohibit a state from assuming jurisdiction to enforce a cause of action not arising out of a corporation's activities within the state. The Supreme Court, however, indicated a preferential construction of foreign corporation process statutes which excludes their operation if the cause of action does not arise out of business done by the corporation in the state. *E.g., Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762 (1929); *Louisville & N. R.R. v. Chatters*, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711 (1929).
>
> . . . .
>
> The trial judge apparently determined § 21-3-6 did not extend to causes of action not arising out of business done by the corporation in New Mexico. The view of a federal district judge concerning the unsettled law of his state is given great weight and credence by this Court. Giving that view great weight and considering the Supreme Court's preferential construction, we cannot say that § 21-3-6 extends to causes of action not arising out of corporations' New Mexico business.

*Id.* The Court therefore affirmed the quashing of the service of process.

The New Mexico Court of Appeals noted that its analysis reached a different result than the federal district judge's interpretation of the New Mexico statutes in *Budde*. *See Werner*, 116 N.M. at 232, 861 P.2d at 273. In a subsequent case involving the same parties but filed in Colorado (which the parties at bar do not mention), however, the Tenth Circuit reached the opposite result. *See Budde v. Kentron Hawaii, Ltd.*, 565 F.2d 1145, 1148 (10th Cir. 1977) (noting that the New Mexico *Budde* case "was dictated by a lack of New Mexico law on the particular matter. Such holding does not preclude a different result when the action is instituted in a state which has local law bearing on the matter."). The Tenth Circuit again noted that "the starting point" is *Perkins*, which constitutionally permits such jurisdiction, *id.* at 1147, but that Colorado state courts, unlike

7

New Mexico state courts, had specifically held that Colorado has general personal "jurisdiction over a foreign corporation qualified to do business in the state where personal service on the foreign corporation is effected within the state, regardless of the fact that the cause of action does not arise out of the foreign corporation's business activity within the state and to the contrary arises out of a transaction occurring in another state." *Id.* at 1149. Because the Tenth Circuit made clear in the Colorado *Budde* opinion that the issue of general personal jurisdiction is a "purely" state matter in the circumstances before the Court, *see* 565 F.2d at 1147, and the *Werner* holding is not unconstitutional under *Perkins*, I conclude that I should apply the New Mexico law that the New Mexico courts have general personal jurisdiction over Thyssen in this case because it is registered to do business in New Mexico, it was actually doing business in New Mexico when the cause of action arose, and it was served with process on a designated agent in New Mexico. The same is not true in regard to MTM, however.

   The Plaintiffs argue that New Mexico has general personal jurisdiction over MTM solely because New Mexico has general jurisdiction over Thyssen, its managing partner, and Thyssen was served in New Mexico on behalf of MTM. *See* Doc. 50 at 5. But such a theory ignores the fact that MTM is a separate legal entity. *See In re Groff*, 898 F.2d 1475, 1477 n.6 & 1478 (10th Cir. 1990) (noting that "New Mexico adopted the UPA in 1947;" that "[t]he UPA provides that the partnership owns property as an entity, separate and distinct from the partners," and that "the UPA treats the partnership and its assets and liabilities as a separate entity, distinct from the assets and liabilities of its owners. This scheme is necessary to prevent disruption of, and facilitate credit for, the partnership business. It is equally necessary in the context of joint ventures."). It also ignores the fact that MTM, as a separate entity, has never submitted itself to the jurisdiction of New Mexico. It is not registered to do business in New Mexico; it has no registered agent to accept service of

process on its behalf in New Mexico; and Plaintiffs have pointed to no "minimum contacts" with New Mexico. The Supreme Court has held that

> [t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Here, there is no act by which MTM "purposefully avail[ed] itself of the privilege of conducting activities within" New Mexico or "invok[ed] the bnefits and protections of its laws." *See id.* And even considering the fact that the Plaintiffs served MTM through an attorney who accepted service of process in New Mexico, "the casual presence [within the state] of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action *unconnected with the activities there.*" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945) (emphasis added).

Citing N.M.S.A. § 54-1A-306 to support their position, Plaintiffs state that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Citing N.M.S.A. §§ 54-1A-307[7], they argue that, "upon the Court's

---

[7] N.M.S.A. 54-1A-307 provides:

(a) A partnership may sue and be sued in the name of the partnership.

(b) An action may be brought against the partnership and, to the extent not inconsistent with Section 54-1A-306 NMSA 1978, any or all of the partners in the same action or in separate actions.

(c) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner.

9

determination that Thyssen Mining is a proper party and is the managing partner of MTM, MTM may also be sued." Doc. 50 at 5. But § 54-1A-307(c) provides that "[a] judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner," thereby further establishing that MTM is a separate entity from Thyssen. The facts that Thyssen may be jointly and severally liable with MTM for MTM's negligence and that MTM "may be sued" does not mean that New Mexico has personal jurisdiction over MTM, and Plaintiffs have provided no authority on point for that premise. It appears that the Plaintiffs have not, and can not, allege sufficient facts to subject MTM to the jurisdiction of the New Mexico courts under any theory of personal jurisdiction. *Cf. Helicopteros Nacionales de Colombia*, 466 U.S. at 410-11, 418-19 (holding that plaintiffs had failed to establish minimum contacts "to satisfy the requirements of the

---

(d) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless the partner is personally liable for the claim under Section 54-1A-306 NMSA 1978 and:

(1) a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part;

(2) the partnership is a debtor in bankruptcy;

(3) the partner has agreed that the creditor need not exhaust partnership assets;

(4) a court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable powers; or

(5) liability is imposed on the partner by law or contract independent of the existence of the partnership.

(e) This section applies to any partnership liability or obligation resulting from a representation by a partner or purported partner under Section 54-1A-308 NMSA 1978.

Due Process Clause of the Fourteenth Amendment" for general jurisdiction in case where the defendant "never has been authorized to do business in Texas and never has had an agent for the service of process within the State[,] . . . . never has performed [business] operations in [the state] . . . never solicited business in [the state], never signed any contract in [the state], never had any employee based there, and never recruited an employee in [the state][,] . . . never has owned real or personal property in [the state] and never has maintained an office or establishment there . . . ; has maintained no records in [the state] and has no shareholders in that State"). Plaintiffs have not made a prima facie showing of personal jurisdiction over MTM and did not request an evidentiary hearing regarding the possibility of MTM having minimum contacts with New Mexico to satisfy due process, and I see no need for such a hearing. MTM must be dismissed as a defendant in this case.

## II.     This case will be dismissed under the doctrine of *forum non conveniens*.

The Plaintiffs concede that "the Court additionally has the inherent, substantial discretion to determine whether it offers an appropriate forum for this case. This discretion may be exercised even where the Court does have jurisdiction and venue." Doc. 50 at 7. The doctrine of *forum non conveniens*

> declared that the district courts had inherent power, within discretional limits, to decline a cause otherwise triable within its jurisdiction when a more convenient venue was elsewhere. *Gulf Oil Corp.-v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055; *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 67 S. Ct. 828, 91 L.Ed. 1067. In these cases and those that preceded them, it was established that in an appropriate case a District Court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of the general venue statute. Under this judicially determined doctrine dismissal was the only remedy available.

*Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 308 (10th Cir. 1950).

> The Supreme Court has characterized the *forum non conveniens* doctrine as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S.

422, 429, 127 S. Ct. 1184, 167 L. Ed.2d 15 (2007) (citation and quotation marks omitted). "The central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605 (10th Cir.1998) (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S. Ct. 252, 70 L. Ed.2d 419 (1981)) (brackets omitted). Under this doctrine,

> when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established.

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48, 114 S. Ct. 981, 127 L. Ed.2d 285 (1994) (internal quotation marks, brackets, and ellipses omitted); *see also Sinochem Int'l*, 549 U.S. at 429, 127 S. Ct. 1184 ("Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" (quotation omitted)).

In assessing the merits of a *forum non conveniens* claim, we examine two threshold questions:

> first, whether there is an adequate alternative forum in which the defendant is amenable to process, and second, whether foreign law applies. If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable. If, however, the answer to both questions is yes, the court goes on to weigh the private and public interests bearing on the *forum non conveniens* decision.

*Gschwind*, 161 F.3d at 605-06 (internal citations omitted).

Although there is ordinarily a "strong presumption in favor of hearing the case in the plaintiff's chosen forum," a foreign plaintiff's choice of forum "warrants less deference." *Id.*; *see also Sinochem Int'l*, 549 U.S. at 430, 127 S.Ct. 1184 ("When the plaintiff's choice is not its home forum ... the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." (citation and internal quotation marks omitted)). Notably, "[w]hen the plaintiff is foreign, the private and public interest factors need not so heavily favor the alternate forum." *Gschwind*, 161 F.3d at 606.

. . . .

    . . . . The private interest factors include: "(1) the relative ease of access to

sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive." [*Gschwind*, 161 F.3d] at 606.

Public interest factors that are part of the balancing include: "(1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law." *Id.*

*Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1172, 1180 (10th Cir. 2009).

I conclude that Canada, where a suit between all of the parties is currently pending, is an adequate alternate forum and that Canadian law is applicable because the subrogor and Defendants all are residents of Canada, that is where the contracts for services were executed, and that is where the allegedly negligent acts occurred. Although the Plaintiffs suggest that relief may not be available in Canada because a statute-of-limitations defense has been raised in the Canadian case, the Canadian court has not ruled on that defense.

Defendants have satisfied the strong burden of proof required to establish forum non conveniens. Because the Plaintiffs also are foreign corporations, there is no presumption in their favor for trying the case in New Mexico only against Thyssen, especially where they will have to concurrently continue to try their negligence actions against MTM and Cominico Engineering in Canada. It would be extremely inconvenient to try the case in New Mexico for both parties because Thyssen, the MTM employees who were involved in the alleged negligence, and the witnesses are all located in Canada. It will be difficult, if not impossible to compel nonparty witnesses to come to New Mexico to testify, and it will be extremely time-consuming and expensive to pay for willing nonparty witnesses to travel thousands of miles here to testify. Because the alleged negligence

occurred in part in the mine located in Canada, it will be impossible for individuals in New Mexico to view the place where the events occurred. In short, all of the practical factors that would make trial of the case easy, expeditious and inexpensive are missing if the trial is held in New Mexico, especially because the Plaintiffs and Thyssen will have to pay expenses for two concurrent trials.

Public interest factors also weigh heavily in favor of dismissing the case in New Mexico in favor of the Canadian case. The New Mexico federal courts have some of the busiest dockets in the nation, and I can conceive that there will be administrative difficulties and delays caused by the case being filed both in the place of origin and in New Mexico and by the parties having to be present in two venues over thousands of miles apart for dual trials. There is a heavy and unwarranted burden of jury duty on New Mexico citizens who have absolutely no connection to the litigation. There is no local interest in having the controversies in this case decided in New Mexico because none of the controversies are local. This Court is not familiar with Canadian law. In short, except for the Plaintiffs' fear that they may be barred from prosecuting their claims against Thyssen in Canada because of a potential statute-of-limitations problem, there can be no possible benefit to either Thyssen or the Plaintiffs to conduct a second trial in New Mexico. I will dismiss this case, and I decline to condition dismissal on the "Defendants' specific consent that they will not contest the jurisdiction of the Canadian Court and will withdraw their statute of limitations challenge in that suit" Doc. 50 at 7, because I have no authority to require that condition as to MTM or Cominico Engineering.

**IT IS ORDERED** that the Defendants' motion to dismiss [Doc. 1, Ex. G] is granted in part as set forth in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendant Mudjatik Thyssen Mining Joint Venture is dismissed as a party because the Court does not have personal jurisdiction over it;

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice under the doctrine of *forum non conveniens.*

**DATED** this 29th day of July, 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

*Attorneys for Plaintiffs Firemans's Fund and Zurich Insurance Company, Ltd.*
Harvey B Fruman
Tom Dunford
Cozen O'Connor
850 Old Santa Fe Trail
Santa Fe, NM 87505

*Attorneys for Defendants Thyssen Mining Construction of Canada, LTD and Mudjatick Thyssen Mining Joint Venture*

Madison Harbour & Mroz, PA
Ada B Priest
Jennifer Collins
PO Box 25467
Albuquerque, NM 87125