IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIREMAN'S FUND INS. CO., *et al.*,

      Plaintiffs,

vs.

THYSSEN MINING CONSTRUCTION OF CANADA LTD., *et al.*,

      Defendants.

No. 10-CV-0401-MV-LAM

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Thyssen Mining Construction of Canada, LTD.'s ("Thyssen") Motion to Lift Stay [Docket No. 67]. *See generally* Doc. 69. Plaintiff responded [Doc. 70] and Thyssen replied [Doc. 71]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **DENIED**.

**DISCUSSION**

The Court, will, for the purposes of its disposition, assume familiarity with the procedural history of this matter as recited in its Order Vacating Final Judgment and Staying Case [Doc. 67]. The pertinent information from the Order is that, after this matter returned from the Tenth Circuit, this Court held that "this case is STAYED pending resolution of the statute-of-limitations issue in the Canadian courts." Doc. 67 at 3. As Thyssen acknowledges in its own Motion, this "issue still has not been resolved." Doc. 69 at 2. Consequently, the Court agrees with Plaintiffs that "[n]othing has happened that would alter the circumstances leading this Court to Order the stay in the first place, as the Canadian litigation is still active" and, further, that

"Thyssen cannot demonstrate any change to the established law of the case that would justify lifting the stay." Doc. 70 at 1.  The mere fact that Thyssen wishes to revive its challenge to personal jurisdiction based on recent Supreme Court precedent does not constitute a change in the circumstances that initially justified the stay.

That is, Thyssen's revamped argument does not address why this Court should revisit jurisdiction before the Canadian court has had an opportunity to rule on an issue that may prove dispositive in this case.  Consequently, this Court will continue to heed the decision of the Tenth Circuit, which explained that this Court "was premature in determining that the Canadian court is an adequate alternative forum" because the statute of limitations issue has not been resolved. *Freman's Fund Ins. Co. v. Thyssen Min. Constr. of Canda, LTD.*, 703 F.3d 488, 495 (10th Cir. 2012).  Until this question is settled, the Court will hold this matter in abeyance, absent a compelling showing that the reasons that motivated the Court to impose the stay no longer apply.

## CONCLUSION

This Court has already expressed its belief that the Canadian courts are a more appropriate forum for this case.  The Court repeats that, assuming that suit is not barred by the statute of limitations, this action would best be prosecuted in Canada.  Until this matter is resolved, the Court will, presumptively, abstain from rendering decisions in this case.

**IT IS THEREFORE ORDERED** that Defendant Thyssen Mining Construction of Canada, LTD.'s Motion to Lift Stay [Docket No. 67, filed 1/16/13] [Doc. 69] is **DENIED.**

Dated this 16th day of June, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE